## Commonwealth v. Biondo et ux.

*James T. Kitson,* for plaintiff.

*Grant W. Nitrauer,* for defendants.

DAVIS, P. J., January 19, 1955.—This matter comes before the court on preliminary objections in the form of a demurrer to plaintiff's complaint in assumpsit.

Plaintiff instituted an action in assumpsit against Joseph G. Biondo and Socorro S. Biondo, his wife, to recover for the expense of maintaining Socorro S. Biondo at the Allentown State Hospital from August 4, 1951, to December 31, 1953, in the amount of $2,045.72.

The complaint alleges, inter alia, that defendants are the owners as tenants by entireties of certain real estate in East Stroudsburg, Monroe County, Pa., and that separate property of Socorro S. Biondo is not sufficient to reimburse the Commonwealth of Pennsylvania for the amount due for her maintenance.

On petition of plaintiff a guardian ad litem was appointed for the incompetent.

Defendant, Socorro S. Biondo, by her guardian ad litem, filed preliminary objections which in effect maintain: (1) The Act of June 1, 1915, P. L. 661, sec. 3, as amended, 71 PS §1783, only authorizes property owned by entireties to be subject to the support of an inmate of an institution maintained by the Commonwealth to the extent of any order that a court of record of this Commonwealth shall make against the spouse of such inmate, and (2) since under the act petition to the court is the exclusive remedy, an action in assumpsit is excluded and unauthorized.

We do not find that the authorities sustain these contentions.

"The husband, wife, father, mother, child, or children of any person who is an inmate of any asylum, hospital, home, or other institution, maintained in whole or in part by the Commonwealth of Pennsylvania, and who is legally able so to do, shall be liable to pay for the maintenance of any such person, as hereinafter provided. Whenever either of the owners of any property held by entireties shall be maintained in any institution as aforesaid and the separate property of such inmate shall not be sufficient to reimburse the Commonwealth, such property held by entireties shall be liable for the same to the extent of any order that any court of record of this Commonwealth may make against the spouse of such inmate, either during the lifetime of such inmate or after his or her death. The liability for the support of such inmate is hereby declared to be the joint liability of such owners to the extent of such order and enforcement against their joint as well as their several properties": Act of June 1, 1915, P. L. 661, as amended, 71 PS §1783.

In Commonwealth v. Zommick, 362 Pa. 299, the Commonwealth instituted an action of assumpsit against a father for the support of his son in a State institution. On appeal the court held that the liability

of the parties designated in section 3 of the Act of 1915, supra, was primary and not secondary. The form of the action was not questioned.

A husband has always been liable for the support of his wife in a public institution in Pennsylvania. Likewise, the inmate has always been liable.

"Section 3 of the Act of 1915 provides that 'The husband, wife, father, mother, child, or children of any person who is an inmate of any asylum, hospital, home, or other institution, maintained in whole or in part by the Commonwealth of Pennsylvania, and who is legally able so to do, shall be liable to pay for the maintenance of any such person. . . .' The liability so imposed is direct and wholly independent of the inmate's common law liability which Section 1 of the Act declares and continues": Commonwealth v. Zommick, supra.

In Commonwealth v. Woods et al., 81 D. & C. 200, the identical questions here involved were raised and decided. The pertinent facts are the same except in that case defendant, the inmate wife, was represented by a guardian of her estate where in the instant case defendant is represented by a guardian ad litem. This difference in no way affects the issues in this case. The court held the action in assumpsit was proper, saying, inter alia:

"As both husband and wife are primarily liable for the wife inmate's support and maintenance in the State hospital, and are jointly and severally liable, it follows that a suit against both, properly brought by joining the duly appointed guardian for the wife inmate's estate as a codefendant, will bind the property held by entireties. It does not require a statute to confer validity upon such a matter and neither does it require a previous court order to affix liability."

The case of Commonwealth v. Lanahan, 33 Del. Co. 571, cited by defendant, is not applicable to the present

problem since that action in assumpsit was specifically instituted under the Support Law of June 24, 1937, P. L. 2045, which designates the court of quarter sessions as the forum for adjudication of the questions.

And now, January 19, 1955, preliminary objections are hereby dismissed.